UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| John Raines and John Nesse, as Trustees of the Carpenters & Joiners Welfare Fund and Twin City Carpenters Pension Master Trust Fund; John Raines as Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and each of their successors,<br><br>Plaintiffs,<br><br>vs.<br><br>Custom Millwork L.L.C., Glenn A. Henry, individually,<br><br>Defendants. | Civil File No. _____<br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, for their complaint against Defendants Custom Millwork L.L.C. and Glenn A. Henry, individually, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.  Plaintiffs John Raines and John Nesse, and any subsequently appointed successor, are Trustees of the Carpenters & Joiners Welfare Fund ("Welfare Fund"). The Welfare Fund is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Welfare Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974,

as amended 29 U.S.C. § 1001, et seq. ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

2. Plaintiffs John Raines and John Nesse, and any subsequently appointed successor, are Trustees of the Twin City Carpenters Pension Master Trust Fund ("Pension Fund"). The Pension Fund is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Pension Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

3. Plaintiff John Raines, and any subsequently appointed successor, is also a Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund ("Apprenticeship Fund"). The Apprenticeship Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(6) of LMRA, 29 U.S.C. § 186(c)(6). The Apprenticeship Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to I.R.C. § 501(c)(3).

4. Plaintiffs John Raines and John Nesse, and any subsequently appointed successors, are Trustees of the respective Funds referenced in Paragraphs 1–3 and

fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21) (collectively referenced as "Funds")

5. Defendant Custom Millwork L.L.C. is a Minnesota limited liability company registered to do business in the state of Minnesota, and has been engaged in the construction business at times relevant to this lawsuit. Defendant Custom Millwork L.L.C. has a registered address of 10381 Golden Spike Rd. NE, Gilman, Minnesota 56333, and a principal executive office address of 10381 Golden Spike Rd. NE, Gilman, Minnesota 56333. Defendant Custom Millwork L.L.C. employs individuals who perform construction services, including carpentry work, and is therefore an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

6. Defendant Glenn A. Henry is an individual, a citizen of the state of Minnesota, and an owner and/or officer of Custom Millwork L.L.C. He has agreed to be personally bound to the Plaintiffs for the fringe benefit contribution obligations set forth in collective bargaining agreements, and is therefore an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5) because he acted directly or indirectly in the interest of Custom Millwork L.L.C. in relation to an employee benefit plan.

7. This is an action to enforce the rights guaranteed by an agreement between an employer and a labor organization in an industry affecting commerce, in as much as it is an action by the Plaintiff Trustees of the respective Funds to collect unpaid fringe benefit contributions due per the terms of a collective bargaining agreement. Subject matter

jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA §502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.

8. The trust funds for which the Plaintiffs are trustees, are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## FACTUAL BACKGROUND

9. At all times material herein, Defendants, through their execution of a agreement between the Carpentry Contractors Association, the Minnesota Drywall and Plasters Associations, and the North Central States Regional Council of Carpenters ("CBA"), were bound to the terms of the CBA.

10. By execution of the CBA, Defendant Henry agreed to be personally bound to the full performance of all obligations and terms set forth in the CBA, and is personally liable for any failure of Defendant Custom Millwork L.L.C. to comply with the terms and requirements of the CBA relating to payment of fringe benefit contributions.

11. Through the execution of the CBA, Defendants further agreed to be bound by the terms of all agreements and declarations of trust establishing the Funds as well as the policies and procedures adopted by the trustees.

12. The CBA requires Defendants to make fringe benefit contributions to the employee benefit plans for which Plaintiffs are Trustees for each hour worked by covered

employees. Per the CBA, employees who perform the type of work traditionally performed by carpenters are performing work covered by the CBA. Payments made to the Plaintiffs are remitted for the purpose of funding employees' health and welfare, pension and training/apprenticeship benefits.

13. The CBA requires that Defendants complete and submit a remittance report form which includes all information required by the Trustees of the Funds on a monthly basis. The form requires that Defendants identify each of their covered employees, and report each hour worked by that employee during the month performing covered service. The report must be submitted to the agent of the Plaintiffs with the payment for the amounts due not later than the 15th day of the following month.

14. The CBA also requires employers, such as Defendants, to make available employment and payroll records for examination and audit by the Funds' Trustees or their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the proper administration of the Funds and to ascertain whether the employer has properly complied with its fringe benefit contribution reporting and payment obligations.

## COUNT I
## RIGHT TO AUDIT FROM JANUARY 2019 TO PRESENT

15. Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 14.

16.     Plaintiffs requested that Defendants produce Custom Millwork L.L.C.'s employment, payroll, and business records for an audit of the period covering January 2019 to the present.

17.     Upon information and belief, there have been hours worked by Defendants' employees for which fringe benefit contributions were not remitted.

18.     Unless Defendants are ordered to specifically perform the obligation to produce records and permit the audit, Plaintiffs will have no means of verifying the proper amounts due and owing to Plaintiffs, if any, nor will Plaintiffs have adequate means of ascertaining the proper allocation of such contributions to Defendants' employees. Therefore, in the absence of this court's order as requested, Plaintiffs are without adequate remedy at law and will be subject to irreparable harm.

19.     Defendants are liable to Plaintiffs for all unpaid fringe contributions and penalties found to be due and owing as a result of the audit pursuant to ERISA §515 and §502(a)(2).

20.     In addition to the fringe benefit contributions due, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate provided in 26 U.S.C. § 6621 or at the rate established by the plans, plus liquidated damages of 10% of delinquent contributions as provided for in the CBA and the Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established.

21. The CBA and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established, and ERISA § 502, 29 U.S.C. § 1132, provide that Defendants are liable for the reasonable attorney's fees and costs incurred by Plaintiffs in this action, and any costs incurred in performing the audit.

## COUNT II

### FAILURE TO SUBMIT REPORTS AND CONTRIBUTIONS FROM APRIL 2020 THROUGH THE PRESENT

22. Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 21.

23. Defendants have also breached their obligations under the CBA by failing to submit the fringe fund remittance reports accurately reporting all hours worked by employees, and have failed to pay any contributions owing for the months of April 2020 to the present.

24. Upon information and belief, Defendants employed individuals performing work covered by the jurisdiction of the CBA during the period of April 2020 to the present, and will continue to employ such individuals.

25. Every month, until this matter is resolved either through dismissal or judgment, Defendants will be obligated to remit a fringe fund report form as described above, and will be required to remit payment for the fringe benefit contributions due per

7

4829-2612-8844.1

the hours disclosed. If the report and/or the payment for the amounts due are not submitted by the 15th day of the following month, Defendants will be delinquent for each such month.

26. Without an order requiring Defendants to comply with the CBA's requirement to submit fringe benefit contribution reports, Plaintiffs will be without an adequate remedy at law to enforce the obligations under ERISA §515 and the CBA.

27. In addition to the fringe benefit contributions due, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate provided in 26 U.S.C. § 6621 or at the rate established by the plans, plus liquidated damages of 10% of delinquent contributions as provided for in the CBA and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established.

28. The CBA, and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established, and ERISA § 502, 29 U.S.C. § 1132, provide that Defendants are liable for the reasonable attorney's fees and costs incurred by Plaintiffs in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment of this Court against Defendants Custom Millwork L.L.C. and Glenn A. Henry, joint and several, as follows:

1. An order requiring Defendants to produce for inspection and audit the following of their business records, for the period of January 2019 through the present:

    a. All payroll registers or journals;
    b. All fringe fund remittance reports due for January 2019 through the date of the order;
    c. All time cards;
    d. All Internal Revenue 941 quarterly reports;
    e. All Form 1099s and 1096s;
    f. All Internal Revenue W 2 and W 3 forms (to the extent such forms are issued by the employer prior to the audit being completed);
    g. All payments to any individual for labor or services, regardless of whether the each Defendant classifies such individual as an employee or as a subcontractor;
    h. All cash disbursement reports or journals;
    i. All business checking account registers or journals;
    j. All checking account bank statements including copies of all checks issued from the accounts;
    k. All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms;
    l. All records identifying the type of work performed by each employee and individual who has performed services for each of the Defendant;

and any such additional records as are deemed necessary to the performance of such audit by representatives of Plaintiffs; that such production and inspection shall occur within ten (10) days of entry of this Court's Order requiring same at the premises of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425.

    2.    A judgment for amounts to be proven by motion or at trial for any and all delinquent fringe benefit contributions shown to be owing pursuant to the audit of the period of January 2019 through the present, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages under ERISA §502(a)(g) and the CBA.

3. An order requiring Defendants to immediately submit the fringe benefit fund reports for the months of April 2020 through the present, and all other months which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees, and to further enjoin Defendants from failing to timely submit reports and contributions. The fringe fund reports and contributions must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Plaintiff Trustees.

4. A judgment for amounts to be proven at trial for delinquent fringe benefit contributions shown to be owing pursuant to those reports, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

5. A judgment for all amounts which become due per the reports which Defendants are obligated to submit throughout this litigation, including an additional 10% of any fringe benefit contribution amounts reported for the liquidated damages.

6. A judgment for all damages and penalties allowed by 29 U.S.C. §1132(g), ERISA §502(g).

7. For an award of costs, disbursements, and attorney fees according to law.

8. For such other and future relief as the Court deems proper.

Date: September 28, 2020              **KUTAK ROCK LLP**

By: */s/ Nathan T. Boone*
    Amanda R. Cefalu (#309436)
    Nathan T. Boone (#038989)
    60 South Sixth Street, Suite 3400
    Minneapolis, MN  55402-4400
    PH:  612-334-5000
    FX:  612-334-5050
    amanda.cefalu@kutakrock.com
    nathan.boone@kutakrock.com

*Attorneys for Plaintiffs*